Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
JO ANNE GRAFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

JO ANNE GRAFF,

            Plaintiff,

v.

LEADING EDGE RECOVERY SOLUTIONS, LLC, an Illinois limited liability company,

            Defendant.

Case No. C07 03183 HRL

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

15 United States Code § 1692 *et seq.*
California Civil Code § 1788 *et seq.*

    Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

    1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

    2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

-1-
COMPLAINT

Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### III. VENUE

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

### IV. INTRADISTRICT ASSIGNMENT

5. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

6. Plaintiff, JO ANNE GRAFF (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7. Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC (hereinafter "LEADING EDGE"), is an Illinois limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 5440 North Cumberland Avenue, Suite 300, Chicago, Illinois 60656-1490. LEADING EDGE may be served as follows: Leading Edge Recovery Solutions, LLC, c/o CT Corporation System, 818 West Seventh Street, Los Angeles, California 90017-3407. The principal purpose of LEADING EDGE is the collection of debts using the mails and telephone, and LEADING EDGE regularly attempts to collect debts alleged to be due another. LEADING EDGE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

### VI. FACTUAL ALLEGATIONS

8. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

-2-
COMPLAINT

a financial obligation, namely a consumer credit account issued by Household Bank and bearing the account number XXXX-XXXX-XXXX-5096 (hereinafter "the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

9. Plaintiff is informed and believes, and thereon alleges that sometime thereafter on a date unknown to Plaintiff, the alleged debt was sold, assigned or otherwise transferred to Atlantic Credit & Finance, Inc.

10. Sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

11. Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. A true and accurate copy of the collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

13. The collection letter (Exhibit "1") is dated December 31, 2006.

14. The collection letter (Exhibit "1") was Defendant's first written notice initially addressed to Plaintiff in connection with collecting the alleged debt.

15. On or about January 8, 2007, an employee of Defendant recorded the following message on Plaintiff's answering machine:

> Hello, this message is for Jo A. Graff. This is Louis Rizado. I need you to give me a call back as soon as possible, ma'am. The number where I can be reached is 1-800-276-0051. My direct extension is 1574. Thank you.

16. On or about January 15, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello. This is David Silverman. I have left several detailed messages for you. I need to hear from you today. My number is 1-800-276-0051. This is not a sales call. Again, this is David Silverman, and I need to hear back from you as soon as possible at 1-800-276-0051. This call does require your immediate attention. Thank you.

17. On or about January 16, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

-3-
COMPLAINT

> Hello. This is David Silverman. I have left several detailed messages for you. I need to hear from you today. My number is 1-800-276-0051. This is not a sales call. Again, this is David Silverman, and I need to hear back from you as soon as possible at 1-800-276-0051. This call does require your immediate attention. Thank you.

18. On or about January 20, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello, this is David Silverman. I have left several detailed messages for you. I need to hear from you today. My number is 1-800-276-0051. This is not a sales call. Again, this is David Silverman, and I need to hear back from you as soon as possible at 1-800-276-0051. This call does require your immediate attention. Thank you.

19. On or about February 1, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> ... important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

20. On or about February 2, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> ... David Silverman. I have important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

21. On or about February 3, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello. This is David Silverman. I have important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

22. On or about February 8, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello. This is David Silverman. I have important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

23. On or about February 9, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello. This is David Silverman. I have important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

24.     On or about February 10, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello. This is David Silverman. I have important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

25.     On or about February 12, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello. This is David Silverman. I have important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

26.     On or about February 13, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello. This is David Silverman. I have important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

27.     On or about February 14, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hello. This is David Silverman. I have important matter to discuss with you. This is not a sales call. Please contact me at 1-800-276-0051. Again, this is David Silverman. Please contact me today at 1-800-276-0051. Thank you.

28.     On or about February 15, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hi, this is Craig Jetson. I have an important matter to discuss with you. Please give me a call back at 1-800-663-4707. Again, this is Craig Jetson. I have an important matter to discuss with you. This is not a sales call. Give me a call. 1-800-663-4707. Thanks.

29.     On or about February 16, 2007, an employee of Defendant recorded the following message on Plaintiff's answering machine:

> This message is for Jo Graff. This is Miss Thornton. My office needs a return call from you. The number is 800-276-0051, extension 1588.

30.     On or about February 17, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

> Hi, this is Craig Jetson. I have an important matter to discuss with you. Please give

-5-
COMPLAINT

me a call back at 1-800-663-4707. Again, this is Craig Jetson. I have an important matter to discuss with you. This is not a sales call. Give me a call. 1-800-663-4707. Thanks.

31. On or about February 19, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

Hi, this is Craig Jetson. I have an important matter to discuss with you. Please give me a call back at 1-800-663-4707. Again, this is Craig Jetson. I have an important matter to discuss with you. This is not a sales call. Give me a call. 1-800-663-4707. Thanks.

32. On or about February 20, 2007, Defendant recorded the following automated message on Plaintiff's answering machine:

Hi, this is Craig Jetson. I have an important matter to discuss with you. Please give me a call back at 1-800-663-4707. Again, this is Craig Jetson. I have an important matter to discuss with you. This is not a sales call. Give me a call. 1-800-663-4707. Thanks.

33. Defendant's answering machine messages were each a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

34. Defendant failed to disclose Defendant's identity and the nature of Defendant's business in each of the answering machine messages, in violation of 15 U.S.C. § 1692d(6) and Cal. Civil Code § 1788.11(b). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1112, 1118 (C.D. Cal. 2005).

35. Defendant failed to disclose that each of the answering machine messages was a communication from a debt collector, in violation of 15 U.S.C. § 1692e(11). See *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006).

36. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff.

37. Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances.

///

///

## VII. CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff brings the first claim for relief against Defendant under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

39. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 37 above.

40. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

41. Defendant, LEADING EDGE, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

42. The financial obligation allegedly owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

43. Defendant's answering machine messages described above violate the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5);

    b. Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5);

    c. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6); and

    d. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11).

44. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

45. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

47. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 45 above.

48. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

49. Defendant, LEADING EDGE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

50. The financial obligation allegedly owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

51. Defendant's answering machine messages described above violate the RFDCPA. The violations include, but are not limited to, the following:

    a. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass Plaintiff, in violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(d);

    b. Defendant caused Plaintiff's telephone to ring with such frequency as to be unreasonable and constitute harassment to Plaintiff under the circumstances, in violation of 15 U.S.C. § 1692d(5), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(e);

    c. Defendant failed to disclose Defendant's identity and the nature of Defendant's business, in violation of 15 U.S.C. § 1692d(6), as incorporated by Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.11(b); and

    d. Defendant failed to disclose that the communications were from a debt collector, in violation of 15 U.S.C. § 1692e(11), as incorporated by Cal. Civil Code § 1788.17.

52. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

53. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

54. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

55. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

56. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

The Plaintiff requests that this Court:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant's answering machine messages violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d(5), 1692d(6) and 1692e(11);

c. Declare that Defendant's answering machine messages violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.11(b), 1788.11(d), 1788.11(e) and 1788.17;

d. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

1. 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code §1788.17;
2. g. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and
3. h. Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn, Esq.
Attorney for Plaintiff
JO ANNE GRAFF

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JO ANNE GRAFF, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

-10-
COMPLAINT

PO Box 505
Linden MI 48451-0505

ADDRESS SERVICE REQUESTED

LEADING EDGE
RECOVERY SOLUTIONS

#BWNKGZZ
#TY5415EAA7#    002675206-0001
Jo A Graff
210 El Carmelo Ave
Palo Alto CA 94306-2377

Leading Edge Recovery Solutions, LLC
5440 N Cumberland Ave Ste 300
Chicago IL 60656-1490

December 31, 2006

| Account #: | Client Reference #: | Balance: |
|---|---|---|
| 002675206 | 54404500065915096 | $2828.61 |
| Original Creditor: HOUSEHOLD BANK | | |

*** Detach Upper Portion and Return with Payment ***

| Account #: | Client Reference #: | Balance: |
|---|---|---|
| 002675206 | 54404500065915096 | $2828.61 |
| Creditor: ATLANTIC CREDIT & FINANCE | | |

Dear Jo A Graff,

Your delinquent account has been placed with our company for collection. We have been authorized by our client to collect the outstanding amount owed to them.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different from the current creditor.

Sincerely,

*Michael Cunningham*
Michael Cunningham
800-663-4707


EXHIBIT 1

**Hours of Operation:**
Monday-Thursday 8:00am - 9:00 pm CST / Friday 8:00 am - 5:00 pm CST / Saturday 8:00 am - 12 Noon CST

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This information is from a debt collector.

**PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

You can now pay by cred card, automated phone system, or Western Union Qu k Colle t

**CREDIT CARD**   Check One

☐ VISA   ☐ MasterCard

Please fill out the below portion to pay by credit card   ☐ DISCOVER   ☐

Card Number

[ ][ ][ ][ ] [ ][ ][ ][ ] [ ][ ][ ][ ] [ ][ ][ ][ ]

Payment Amount  $ _____

Expiration Date  [ ][ ] [ ][ ] [ ][ ][ ][ ]

Card Holder Name

Signature of Card Holder

Date

**PHONE**

Pay by phone at 1-800-663-4707

**WESTERN UNION QUICK COLLECT**

Pay To: LERS
Our code city is: LERS; State: IL. Please include your account number.

*Service charge of $5.00 per $150.00 paid on credit card

**ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS:**
"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest; or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

TY5415EAA7

PO Box 505
Linden MI 48451-0505

ADDRESS SERVICE REQUESTED

**Priority Letter**

#BWNKGZZ
#TY5415EAA7#   0026875206-0001
Jo A Graff
210 El Carmelo Ave
Palo Alto CA 94306-2377

PRESORTED
FIRST CLASS




US POSTAGE
$00.30&#8480;
JAN 03 2007
ZIP 46126
000079

LGEOTMS 94306