TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendant
Leading Edge Recovery Solutions, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JO ANNE GRAFF,<br><br>            Plaintiff,<br><br>      vs.<br><br>LEADING EDGE RECOVERY<br>SOLUTIONS, LLC, an Illinois limited<br>liability company<br><br>            Defendant. | CASE NO.: C07 03183 HRL<br><br>**ANSWER** |

Defendant LEADING EDGE RECOVERY SOLUTIONS, LLC ("Defendant") hereby submits the following Answer to the Complaint filed in this action by plaintiff JO ANNE GRAFF ("Plaintiff"):

1.    In answering Paragraph 1 of the Complaint, Defendant avers that the contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2.    In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28 U.S.C. § 1337 and that supplemental jurisdiction exists for Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3.    Denied.

4.    In answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Defendant further admits it transacts interstate business with residents of the Northern District of California.  Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5.    In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff alleges that this lawsuit should be assigned to the San Jose Division of this Court. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6.    In answering Paragraph 6 of the Complaint, Defendant admits, on information and belief, that Plaintiff is a natural person residing in Santa Clara County, California.  Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as

1  defined by California Civil Code § 1788.2(h).  On that basis, Defendant denies the

2  allegations.  Except as herein admitted, the remaining allegations of Paragraph 6 are

3  denied.

4        7.      In answering Paragraph 7 of the Complaint, Defendant admits that it is an

5  Illinois Limited Liability Company with a principal place of business located at 5440

6  North Cumberland Avenue, Suite 300, Chicago, Illinois 60656-1490.  Defendant

7  further admits that it has, at times, acted as a debt collector as defined by 15 U.S.C. §

8  1692a(6) and Cal. Civ. Code § 1788.2(c); that it uses the mail and telephone to conduct

9  its business; and that it has, at times, attempted to collect debts that are due to others.

10  Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

11        8.      In answering Paragraph 8 of the Complaint, Defendant admits, on

12  information and belief, that Plaintiff incurred a financial obligation through the use of a

13  credit card account which was issued by Household Bank under an account number

14  ending in "5096."  Defendants lack sufficient knowledge to form a belief as to the

15  remaining allegations of Paragraph 8 of the Complaint and on that basis, deny them.

16        9.      Admitted.

17        10.     Admitted.

18        11.     In answering Paragraph 11 of the Complaint, Defendant admits that it sent

19  a letter to Plaintiff dated December 31, 2006, the contents of which are self-

20  explanatory.  Defendant lacks sufficient knowledge to form a belief as to whether the

21  financial obligation at issue was incurred primarily for personal, family or household

22  use and on that basis, Defendant can neither admit nor deny whether the letter it sent

23  qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2).  On that basis,

24  Defendant denies the allegation.  Except as herein admitted, the remaining allegations

25  of Paragraph 11 are denied.

26        12.     In answering Paragraph 12 of the Complaint, Defendant admits that it sent

27  a letter to Plaintiff dated December 31, 2006, the contents of which are self-

28

1  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 12 are

2  denied.

3      13.    In answering Paragraph 13 of the Complaint, Defendant admits that it sent

4  a letter to Plaintiff dated December 31, 2006, the contents of which are self-

5  explanatory.  Except as herein admitted, the remaining allegations of Paragraph 13 are

6  denied.

7      14.    In answering Paragraph 14 of the Complaint, Defendant admits that it sent

8  a letter to Plaintiff dated December 31, 2006, the contents of which are self-

9  explanatory.  Defendant further admits that the December 31, 2007 letter was

10  Defendant's first communication with Plaintiff.  Except as herein admitted, the

11  remaining allegations of Paragraph 14 are denied.

12      15.    In answering Paragraph 15 of the Complaint, Defendant admits that its

13  representatives have placed telephone calls to Plaintiff at her home phone number and

14  have left messages on Plaintiff's answering machine.  Except as herein admitted, the

15  remaining allegations of Paragraph 15 are denied.

16      16.    In answering Paragraph 16 of the Complaint,  Defendant admits that its

17  representatives have placed telephone calls to Plaintiff at her home phone number and

18  have left messages on Plaintiff's answering machine.  Except as herein admitted, the

19  remaining allegations of Paragraph 16 are denied.

20      17.    In answering Paragraph 17 of the Complaint,  Defendant admits that its

21  representatives have placed telephone calls to Plaintiff at her home phone number and

22  have left messages on Plaintiff's answering machine.  Except as herein admitted, the

23  remaining allegations of Paragraph 17 are denied.

24      18.    In answering Paragraph 18 of the Complaint,  Defendant admits that its

25  representatives have placed telephone calls to Plaintiff at her home phone number and

26  have left messages on Plaintiff's answering machine.  Except as herein admitted, the

27  remaining allegations of Paragraph 18 are denied.

28

19.    In answering Paragraph 19 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20.    In answering Paragraph 20 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21.    In answering Paragraph 21 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22.    In answering Paragraph 22 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 22 are denied.

23.    In answering Paragraph 23 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 23 are denied.

24.    In answering Paragraph 24 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25.    In answering Paragraph 25 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

26.    In answering Paragraph 26 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 26 are denied.

27.    In answering Paragraph 27 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28.    In answering Paragraph 28 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29.    In answering Paragraph 29 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30.    In answering Paragraph 30 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 30 are denied.

31.    In answering Paragraph 31 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine. Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

32.    In answering Paragraph 32 of the Complaint,  Defendant admits that its representatives have placed telephone calls to Plaintiff at her home phone number and have left messages on Plaintiff's answering machine.  Except as herein admitted, the remaining allegations of Paragraph 32 are denied.

1    33.    In answering Paragraph 33 of the Complaint, Defendant admits that its

2    representatives have placed telephone calls to Plaintiff at her home phone number and

3    have left messages on Plaintiff's answering machine. Defendant lacks sufficient

4    knowledge to form a belief as to whether the financial obligation at issue was incurred

5    primarily for personal, family or household use and on that basis, Defendant can neither

6    admit nor deny whether its phone messages qualifies as a "communication" as defined

7    by 15 U.S.C. § 1692a(2).  On that basis, Defendant denies the allegation.  Except as

8    herein admitted, the remaining allegations of Paragraph 33 are denied.

9    34.    Denied.

10   35.    Denied.

11   36.    Denied.

12   37.    Denied.

13   38.    In answering Paragraph 38 of the Complaint, Defendant admits that

14   Plaintiff purports to bring her first claim for relief under the Fair Debt Collection

15   Practices Act, 15 U.S.C. § 1692 *et seq*.  Except as herein admitted, the remaining

16   allegations of Paragraph 38 are denied.

17   39.    Defendant incorporates by reference paragraphs 1-37 above, as if fully

18   stated herein.

19   40.    In answering Paragraph 40 of the Complaint, Defendant lacks sufficient

20   knowledge to form a belief as to whether Plaintiff's financial obligation at issue was

21   incurred primarily for personal, family or household purposes, and therefore can neither

22   admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. §

23   1692a(3) and on that basis, Defendant denies the allegation.  Except as herein admitted,

24   the remaining allegations of Paragraph 40 are denied.

25   41.    In answering Paragraph 41 of the Complaint, Defendant admits it has, at

26   times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6).  Except as herein

27   admitted, the remaining allegations of Paragraph 41 are denied.

28

42.    In answering Paragraph 42 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5).

43.    Denied.

44.    Denied.

45.    Denied.

46.    In answering Paragraph 46 of the Complaint, Defendant admits that Plaintiff purports to bring her second claim for relief under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 -1788.33.  Except as herein admitted, the remaining allegations of Paragraph 46 are denied.

47.    Defendant incorporates by reference paragraphs 1-45 above, as if fully stated herein.

48.    In answering Paragraph 48 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by California Civil Code § 1788.2(h) and on that basis, Defendant denies the allegations.  Except as herein admitted, the remaining allegations of Paragraph 48 are denied.

49.    In answering Paragraph 49 of the Complaint, Defendant admits it has, at times, acted as a debt collector as defined by Cal. Civ. Code 1788.2(c).  Except as herein admitted, the remaining allegations of Paragraph 41 are denied.

50.    In answering Paragraph 50 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    In answering Paragraph 56 of the Complaint, Defendant avers that the contents of the Rosenthal Act, Cal. Civ. Code § 1788 *et seq*. are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 56 are denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

# FOURTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

# FIFTH AFFIRMATIVE DEFENSE

## (No Wilful Conduct)

Defendant acted in good faith at all times in their dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

# SIXTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

# SEVENTH  AFFIRMATIVE DEFENSE

## (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

# EIGHTH AFFIRMATIVE DEFENSE

## (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE

### (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including any recoverable interest and attorneys' fees.

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (First Amendment)

3    Defendant's alleged conduct and communications in attempting to collect a debt

4 is entitled to protection under the First Amendment of the Constitution of the United

5 States.  Plaintiff's proposed interpretation of the provisions of the FDCPA must be

6 rejected as they would place an unreasonable restraint upon the exercise of Defendant's

7 rights, thereby raising serious constitutional issues.

8

9    WHEREFORE, Defendants request judgment as follows:

10    1.   That Plaintiff takes nothing by the Complaint, which should be dismissed

11 with prejudice.

12    2.   That Defendant recover from Plaintiff costs according to proof.

13    3.   That Defendant recover attorneys' fees according to proof.

14    4.   That the Court orders such other further reasonable relief as the Court may

15 deem just and proper.

16

17 DATED: August 2, 2007        SIMMONDS & NARITA, LLP
                               TOMIO B. NARITA
18                             JEFFREY A. TOPOR

19

20
                          By:   s/Tomio B. Narita
21                              Tomio B. Narita
                                Attorneys for Defendant
22                              Leading Edge Recovery Solutions, LLC

23

24

25

26

27

28